OCCIDENTAL PETROLEUM CORPORA-
TION and Occidental of UMM Al Qay-
wayn, Inc., Plaintiffs-Appellants,

v.

BUTTES GAS & OIL COMPANY et al.,
Defendants-Appellees.

No. 71–1984.

United States Court of Appeals,
Ninth Circuit.

June 23, 1972.

Philip F. Westbrook, Jr. (argued), Donald M. Wessling, of O'Melveny & Meyers, Los Angeles, Cal., Arthur Groman, of Mitchell, Silberberg & Knupp, Los Angeles, Cal., Louis Nizer, David G. Miller, of Phillips, Nizer, Benjamin, Krim & Ballon, New York City, for plaintiffs-appellants.

Frank Rothman (argued), Thomas H. Kuchel, Wyman, Bautzer, Finell, Rothman & Kuchel, Hindin, McKittrick & Marsh, Beverly Hills, Cal., E. David Philley, Houston, Tex., for defendants-appellees.

Before KOELSCH, CARTER and WRIGHT, Circuit Judges.

PER CURIAM:

Appellants filed a private antitrust action against Buttes Gas & Oil Company, Clayco Petroleum Corporation and certain officers of Buttes and Clayco.

The district court dismissed the action as to Clayco and its officer, 331 F.Supp. 92 (1971) and no appeal has been brought from that dismissal.

Buttes urged five substantive grounds for dismissal. The district court, in an extensive and well-researched opinion, rejected all but one—the act of state doctrine. *Id.* Appellants now urge that the order dismissing the complaint should be reversed.

The dismissal was correct. We affirm for the reasons stated in the district court's opinion. *Id.* We need not consider whether dismissal would have been appropriate for any of the other reasons urged.

The judgment is affirmed.[1]

---

1. We note two cases which the Supreme Court has decided during the pendency of this appeal.

In California Motor Transport Co. v. Trucking Unlimited, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (Jan. 13, 1972) the court held that a combination to harass and deter others from having free and unlimited access to agencies and the courts may constitute a violation of the antitrust laws. While the decision is pertinent to one of the other grounds for dismissal urged by Buttes, it has little bearing on the act of state doctrine.

First National City Bank v. Banco Nacional de Cuba, 406 U.S. 759, 92 S.Ct. 1808, 32 L.Ed.2d 466 (1972), involved a suit arising out of the Cuban government's expropriation of American-owned property. While there is no majority opinion, five members held that the act of state doctrine did not apply under the circumstances of that case. The decision, nevertheless, is limited to the facts of that case and only one member would depart from the court's earlier pronouncements on the act of state doctrine. The decision does not affect the result in our case.