[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12754
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 8, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00566-CV-ORL-31KRS

ALAN WAYNE DAVIS,

Petitioner-Appellant,

versus

DWAYNE KVALHEIM,
et al.,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(January 8, 2008)**

Before ANDERSON, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Alan Wayne Davis, a pro se state prisoner, filed a Racketeer Influenced and

Corrupt Organizations Act ("RICO") action, along with claims pursuant to 42

U.S.C. §§ 1983, 1985, and 1986, against 129 defendants, including a Florida state

senator, Seminole County commissioners, and all of the witnesses, attorneys, and

judges who were involved in his trial, appeals, or subsequent litigation related to

his prosecution for felony littering under Florida law.  Davis alleges that these

defendants, including the federal district court judge to whom this action was

assigned, Judge Presnell, conspired together to infiltrate the government in order to

pass, enforce, and uphold fascist laws that violated his civil and constitutional

rights.  Specifically, Davis maintained that the defendants conspired to interpret

and apply Fla. Code §§ 403.413(4)(c), 823.01, 386.041(1)(e), and Seminole

County Code § 95.3(p) ("the statutes")[1] in a fascist and arbitrary manner against

him, and then they conducted unconstitutional searches of his property, attempted

to extort money from him, failed to provide him with proper notice of hearings,

and committed perjury during his trial and appeals in order to secure a conviction.

---

[1] The statutes and ordinance prohibit littering and the creation of public nuisances.  While the record is not clear, it appears from Davis's complaint that he was creating a public nuisance, injurious to the public health, by keeping what he called art, but the government called litter, on his property, and which the government charged could have lead to mosquitoes and rodents.  The defendants were individuals who were involved in the case leading to his conviction, either as a witness, attorney, or judge, or were involved in subsequent litigation that he has commenced relating to his conviction.  As for his extortion allegations, it appears that they were fines that he had to pay for violating the county ordinance.

Additionally, he asserted that every defendant violated these same statutes, but the defendants were not prosecuted because they were members of the conspiracy. Davis stated that Judge Presnell was named as a defendant because Davis previously had informed him about the conspiracy and perjury committed during his trial and appeals, and Judge Presnell then chose to join the conspiracy by allowing the other conspirators to remain at large, which violated 42 U.S.C. § 1986.[2] Davis also stated that he would continue to amend his complaint to include any judge who (1) violated the statutes and did not release him or (2) failed to prevent the defendants from extorting money to fund their criminal enterprise.[3]

The district court sua sponte dismissed, with prejudice, the complaint as frivolous, pursuant to Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 & n.3 (11th Cir. 1983), concluding that Davis was using the court to "intimidate and heckle those he imagines have done him wrong, rather than as a forum for the redress of legitimate grievances." Additionally, Judge Presnell noted that he would normally have to recuse himself, pursuant to 28 U.S.C. § 455(b)(5)(i), since he is a named defendant, but he concluded that recusal is not required where a plaintiff "baselessly sues or threatens to sue the judge,"

---

[2] Davis previously had filed a similar complaint, which Judge Presnell dismissed for failure to prosecute because Davis never served the defendants despite multiple orders to do so.

[3] It appears from Davis's complaint that the alleged extortion was actually fines that he had to pay for violating the statutes.

which was the case here because the allegations against him were just as frivolous as the remainder of the complaint.

On appeal, Davis first argues that Judge Presnell erred by not recusing himself when he was a named defendant, which resulted in Fifth Amendment due process and First Amendment right to redress violations. We review a judge's decision not to recuse himself for an abuse of discretion. United States v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004). Additionally, we liberally construe pro se pleadings because we hold them to a less stringent standard than attorney-drafted pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Federal law states that a judge "shall disqualify himself" when he is a party to the proceeding, and the parties cannot waive this provision. 28 U.S.C. § 455(b)(5)(i), (e); see also United States v. Patti, 337 F.3d 1317, 1321 (11th Cir. 2003) (stating that recusal under § 455(b) is "mandatory"). This section creates a "self-enforcing obligation" for judges to recuse themselves, and doubt regarding whether recusal is required must be resolved in favor of recusal. Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001). Additionally, we have held that, once one of the enumerated circumstances in § 455(b) is established, "there can be no dispute about the propriety of recusal," which is mandatory. Patti, 337 F.3d at 1321-22; Murray, 253 F.3d at 1312. Furthermore, we review whether a judge

4

should have recused himself "in light of the ultimate issue in the case," and it is irrelevant if the judge only ruled on a "potentially dispositive threshold issue." Murray, 253 F.3d at 1311. We have not addressed whether there is an exception to this rule for when the judge finds that he was frivolously named a defendant. However, we have held that, under the rule of necessity, when a defendant indiscriminately brings suit against all of the judges of a court, the judges may hear the case if there is no other judge from that court available to hear it. See Bolin v. Story, 225 F.3d 1234, 1238-39 (11th Cir. 2000).

Here, Judge Presnell did not err by failing to recuse himself. Davis indicated that he would have eventually amended his complaint to add all of the judges on the U.S. District Court for the Middle District of Florida,[4] and therefore the district court was relieved of its obligation to recuse itself under the rule of necessity. Were Davis left to make good on his threat, there would have been no judge from the court to hear the case. We have also applied the harmless error test to analyze a judge's failure to recuse him or herself pursuant to § 455(b). See Parker v. Connors Steel Co., 855 F.2d 1510, 1528 (11th Cir. 1988) ("Therefore, we are confident that the Supreme Court intended its [harmless error] test to be applied to

---

[4] In numerous documents filed with the court, Davis made clear his intention to add recusal allegations against any judge who construed the littering laws contrary to Davis's interpretation thereof–i.e. against any judge who ruled against him.

5

all § 455 violations, whether involving subsection a or subsection b."). We are confident that even if Judge Presnell's decision not to recuse himself was a technical violation of § 455(b) that there was no harm in his failure to do so because of the frivolousness of Davis's claims, discussed below.

Davis also argues that the district court abused its discretion by dismissing his complaint as frivolous. He argues on appeal that his complaint was not frivolous for the following reasons: (1) conspiracy to violate civil rights is a felony under 42 U.S.C. § 1985; (2) allowing perjury is a due process and equal protection violation; and, (3) it is a due process and equal protection violation for him to be incarcerated while those who helped convict him and upheld his conviction are free, despite the fact that they committed the same crimes.

We have not stated what standard of review we apply when a district court sua sponte dismisses a complaint as frivolous pursuant to its inherent powers. See Jefferson Fourteenth Assocs., 695 F.2d at 526. We review a district court's sua sponte dismissal of a claim as frivolous, pursuant to 28 U.S.C. § 1915A, for an abuse of discretion. See Bilal v. Driver, 251 F.3d 1346, 1348-49 (11th Cir. 2001) (stating that "[a] determination of frivolity is best left to the district court"); see also Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (stating that we review a sua sponte frivolity dismissal, pursuant to § 1915(e)(2)(B)(i), for an abuse of

6

discretion). Additionally, we can affirm the district court's decision on any ground supported by the record. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

We have recognized that district courts have the inherent power to sua sponte dismiss frivolous suits without giving notice to the parties. See Jefferson Fourteenth Assocs., 695 F.2d at 526. Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact." Bilal, 251 F.3d at 1349. In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), we also have held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

Here, the district court did not abuse its discretion in sua sponte dismissing Davis's 140-page complaint as frivolous because, as the district court determined, his allegations were clearly baseless and without arguable merit in fact, and he is simply employing "the legal system as a tool to intimidate and heckle those he imagines have done him wrong."

Upon review of the record and consideration of Davis's brief, we discern no reversible error. Accordingly, we affirm.

7

**AFFIRMED.**