[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-12948

Non-Argument Calendar

_____

HAROLD JEAN-BAPTISTE,

Plaintiff-Appellant,

*versus*

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL OF THE UNITED STATES,
in his official capacity,
FEDERAL BUREAU OF INVESTIGATIONS,
DIRECTOR OF F.B.I.,
in his official capacity,
UNITED STATES ATTORNEY FOR THE SOUTHERN
DISTRICT OF FLORIDA,
Juan Antonio "Tony" Gonzalez,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cv-22376-JEM

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Harold Jean-Baptiste, proceeding *pro se*, filed an action alleging that federal government officials conspired to injure or kill him. The district court dismissed his fifth amended complaint with prejudice, concluding that it was an impermissible shotgun pleading and frivolous. Jean-Baptiste appealed, and the appellees moved for summary affirmance. We grant their motion.

**I.**

Jean-Baptiste filed a *pro se* complaint against the United States Department of Justice, the Federal Bureau of Investigation, Attorney General Merrick Garland, and FBI Director Christopher Wray. He submitted several amended complaints and added Juan Antonio Gonzalez, the United States Attorney for the Southern District of Florida, as a defendant.

In the fourth amended complaint, Jean-Baptiste alleged that he purchased a ginger ale from a bartender at a restaurant in

Hollywood, Florida. About an hour after drinking the beverage, he began to sweat and feel chest pain. He rushed to a local hospital and reported that he had been poisoned. He alleged that an FBI agent at the hospital instructed doctors not to treat him. He then went to a second hospital where he received treatment, but hospital staff refused to tell him what treatment he received.

He asserted that, as part of a conspiracy to murder him, an unnamed FBI agent had poisoned his ginger ale with a toxic substance and later directed the staff at the hospital to deny him medical care. He alleged that FBI agents had conspired to kill him because of his race and national origin. He claimed that the agents had violated several federal criminal statutes. He also alleged that the FBI was negligent, defrauded him, and violated his human rights. He requested that the district court award him declaratory relief; injunctive relief; and damages, including $250 million in punitive damages.

After the defendants moved to dismiss the complaint, the magistrate judge recommended that the district court grant the motion. She concluded that the fourth amended complaint was a shotgun pleading and frivolous. It was a shotgun pleading because it did not separate each cause of action or relief into separate counts; was replete with conclusory, vague, and immaterial facts; and listed multiple claims without specifying which claims were brought against which defendants.

She also recommended that the district court exercise its inherent power to dismiss the complaint as frivolous and fantastical.

She explained that Jean-Baptiste had alleged that there was a scheme in which an unknown FBI agent attempted to poison and kill him with the assistance of an unnamed bartender and an entire hospital staff. She noted that he attempted to assert a variety of claims under various federal statutes, many of which did not include a private right of action, and purported to bring other unrecognized causes of action. She concluded that his claims were supported neither by fact nor by law.

Over Jean-Baptiste's objection, the district court adopted the magistrate judge's recommendation. It gave Jean-Baptiste an opportunity to file a fifth amended complaint that corrected the deficiencies identified by the magistrate judge.

Jean-Baptiste filed a fifth amended complaint, which the defendants again moved to dismiss. The magistrate judge recommended that the district court dismiss the fifth amended complaint with prejudice. She concluded that it remained a shotgun pleading because it failed to separate each cause of action or claim into separate counts; was replete with conclusory, vague, and immaterial facts; and listed claims without specifying which claim was brought against which defendant. She also concluded that the fifth amended complaint remained frivolous and fantastical. The district court adopted the recommendation and dismissed the fifth amended complaint with prejudice. This is Jean-Baptiste's appeal.

## II.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy

issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

We review a district court's dismissal of a complaint as a shotgun pleading for abuse of discretion. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). We review a district court's exercise of its inherent powers for abuse of discretion. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002). "Discretion means the district court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Betty K Agencies, LTD. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (internal quotation marks omitted). We liberally construe a *pro se* litigant's pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

### III.

To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration adopted) (internal quotation marks omitted). An adequate complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* In addition, the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading" and so that "the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Weiland*, 792 F.3d at 1320 (internal quotation marks omitted).

Complaints that violate these rules are often referred to as "shotgun pleadings." *Id.* A shotgun pleading fails "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. Shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (alterations adopted) (internal quotation marks omitted). Shotgun pleadings include complaints that: (1) contain "multiple counts where each count adopts the allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) fail to "separat[e] into a different count each cause of action or claim for relief"; or (4) assert

"multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

A district court has inherent authority to dismiss a complaint on shotgun pleading grounds. *Vibe Micro*, 878 F.3d at 1295. When a plaintiff files a shotgun pleading, a district court must "give him one chance to replead." *Id.* at 1296. So that the plaintiff can correct the deficiencies, the court "should explain how the offending pleading violates the shotgun pleading rule." *Id.* If the new complaint is also a shotgun pleading, the district court may then dismiss the action with prejudice. *Id.*; *see Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that although dismissal with prejudice is a drastic remedy, "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A district court, under its inherent power, also may dismiss an action that is "so patently lacking in merit as to be frivolous" when the plaintiff has been given notice and an opportunity to respond. *Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). We have recognized that "frivolous claims include claims describing fantastic or delusional scenarios." *Id.* (internal quotation marks omitted).

Here, the appellees' position is clearly right as a matter of law and there is no substantial question as to the outcome of this appeal. *See Groendyke*, 406 F.2d at 1162. We agree with the district court that the fifth amended complaint was a shotgun pleading because it failed to separate each cause of action or claim into separate counts; was replete with conclusory, vague, and immaterial facts; and failed to specify which claim was brought against which defendant. Because the district court already had given Jean-Baptiste an opportunity to fix the deficiencies in his pleading, it did not abuse its discretion when it dismissed the fifth amended complaint with prejudice. *See Vibe Micro*, 878 F.3d at 1296. Nor did the district court abuse its discretion when it dismissed the fifth amended complaint as patently frivolous. The pleading alleged that an unknown FBI agent conspired with others, including an unnamed bartender and hospital staff, to kill Jean-Baptiste through poisoning a soda and then denying him medical care.[2] Because the action was patently frivolous and the district court gave Jean-Baptiste notice and opportunity to respond before dismissing the action, it did not abuse its discretion. *See Jefferson Fourteenth Assocs.*, 695 F.2d at 526 & n.3.

---

[2] After filing the complaint in this case, Jean-Baptiste filed two additional actions in the Southern District of Florida alleging that on two other occasions, an FBI agent tried to poison his drink and then interfered with his attempt to receive medical care. In each case, the district court dismissed the complaint as an impermissible shotgun pleading and for containing frivolous and fantastical allegations. We affirmed the dismissals, concluding that the district court did not abuse its discretion in concluding that the complaints were shotgun pleadings and patently frivolous. *See Jean-Baptiste v. U.S. Dep't of Just.*, Nos. 23-14053 & 24-10110, 2024 WL 4249655 (11th Cir. Sept. 20, 2024) (unpublished).

24-12948                Opinion of the Court                9

Because the appellees' position is clearly correct as a matter of law such that there can be no substantial question as to the outcome of this case, we GRANT the appellees' motion for summary affirmance.

**AFFIRMED**.