JEFFERSON FOURTEENTH ASSOCIATES, et al., Plaintiffs,

v.

WOMETCO DE PUERTO RICO, INC., Defendant/Third Party Plaintiff, Appellant,

v.

ROYALE BELGE INCENDIE REASSURANCE CO. and United Fire Insurance Co., Third Party Defendants/Appellees.

No. 81-5848.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1983.

Julian H. Kreeger, Kreeger & Kreeger, James E. Glass, Rosenberg, Rosenberg, Reisman & Glass, Miami, Fla., for defendant/third party plaintiff, appellant.

Judith Korchin, Steel, Hector & Davis, Miami, Fla., for third party defendants/appellees.

Before JOHNSON and ANDERSON, Circuit Judges, and HUNTER *, District Judge.

JOHNSON, Circuit Judge:

Wometco de Puerto Rico, Inc., ["Wometco"] appeals from a judgment rendered in favor of Royale Belge Incendie Reassurance Company ["Royale Belge"] and United Fire Insurance Company ["United Fire"]. We reverse for the reason that the district judge dismissed the case *sua sponte,* depriving Wometco of its right to procedural due process.

Wometco is a third party plaintiff that brought this action against Royale Belge when it was sued by Jefferson Fourteenth Associates ["Jefferson"] and RKF Realty Corporation ["RKF"]. Jefferson and RKF, not parties to this appeal, are landlords who sought to recover, *inter alia,* for physical damage to two theaters they owned in New York City that were leased by Wometco. After the main suit had commenced, Wometco filed a consolidated third party complaint against eleven insurance companies [1] that had at one time or another insured the damaged premises, asserting that it was a third party beneficiary of the policies issued to Jefferson and RKF. Royale Belge, one of the insurance companies, moved for a stay of the third party action until the plaintiff landlords could be more specific about when the damage occurred. The court granted the motion, ordering the insurance companies to produce copies of the insurance policies covering the theaters and directing the landlords to respond to Wometco's interrogatories about the nature, cause, and date of the claimed damage.

After the landlords had filed a response describing the damage and when it occurred, the court dismissed the third party complaint against all the insurance companies except Royale Belge and United Fire. The court also granted Royale Belge's motion to sever the case, specifying that the third party claims would proceed to separate trial and that no findings made in the original trial would be binding upon the third party defendants.

Wometco settled the claim of the plaintiff landlords for damage to the premises, paying $63,758.66 for damage to the Jefferson Theatre and $67,545 for damage to the Puerto Rico Theatre. Wometco then filed a motion to lift the stay so that it could proceed against Royale Belge and United Fire. United Fire did not respond; it has never appeared in the case. Royale Belge responded by "suggesting" that *sua sponte* dismissal would be appropriate because the record before the court established that Wometco had no claim against Royale Belge. Wometco filed a reply to Royale Belge's "suggestion," asserting that it would be unfair for the court to grant a final disposition while the parties were under a stay order, because Wometco had not been able to pursue its claim. The court entered an order denying Wometco's motion and *sua sponte* dismissing Wometco's third party claims with prejudice "on the merits." The court's order stated:

> As it affirmatively appears to this Court that the Settlement Agreement executed on or about September 23, 1980 between the parties to this action serves as a cancellation of "all obligations under the leases as amended and modified", past, present, and future, WOMETCO has no basis for pursuing its third party claim against the Third Party Defendants. Therefore, the Court *sua sponte* dismisses without prejudice the consolidated Amended Third Party Complaint against ROYALE BELGE INCENDIE REASSURANCE CO, and UNITED FIRE INSURANCE COMPANY.

---

* Honorable Edwin F. Hunter, Jr., U.S. District Judge for the Western District of Louisiana, sitting by designation.

1. Wometco's third party complaint included a separate count against Regency Caribbean Enterprises and Victor Carrady. That suit was settled on September 23, 1980, when Regency and Carrady agreed to pay Wometco $75,000 in full satisfaction of all claims.

A Final Judgment of Dismissal was entered on August 11, 1981.

The Federal Rules of Civil Procedure do not provide for *sua sponte* dismissal by the court of a case on the merits. Rule 41 provides that the court may grant an involuntary dismissal upon a motion by the defendant, either because the plaintiff has failed to prosecute or comply with the rules, or if the plaintiff has failed to show a right to relief after having presented his case in a trial without a jury. Alternatively, a case may be adjudicated before trial under Rule 12(c) or Rule 56, upon a party's moving for judgment on the pleadings. The only provision in the rules for *sua sponte* dismissal is for lack of subject matter jurisdiction, under Rule 12(h)(3).[2] However, the Fifth Circuit has also upheld *sua sponte* dismissals when there has been a failure to prosecute or a failure to comply with court orders. *See, e.g., Martin-Trigona v. Morris,* 627 F.2d 680, 682 n. 1 (5th Cir.1980) (Fed.R.Civ.P. 41(b)). When dismissing a case for those reasons, courts have warned that "the severe sanction of dismissal should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* at 682 (quoting *Durham v. Florida East Coast Railway Co.,* 385 F.2d 366, 368 (5th Cir.1967)). The case at hand is one of first impression, for neither the Fifth nor the Eleventh Circuit has ruled on a case where the trial court *sua sponte* dismissed an action with prejudice because the claim lacked merit.

Other circuits have upheld *sua sponte* dismissals when the suit was patently frivolous or vexatious. Royale Belge relies on the case of *O'Connell v. Mason,* 132 F. 245 (1st Cir.1904), where the court's dismissal of the suit was based on a statute which authorized courts to dismiss actions brought *in forma pauperis* if the cause of action was frivolous or malicious. The rationale behind the statute was to prevent "evil-minded persons" from bringing "vexatious and frivolous" suits under the "shield of immunity from costs." 132 F. at 247. A similar rationale supports the inherent power of courts to dismiss frivolous suits without giving notice to the parties. Moore has noted that this broad, inherent power, not based on statute, applies to actions that are: "collusive; sham; frivolous; harassing and vexatious; vexatious; . . . brought for an improper ulterior purpose; . . . brought 'in bad faith and as a mere blackmailing scheme.'" 1 J. Moore, *Moore's Federal Practice,* ¶ 0.60[6] (2d ed. 1982) (footnotes omitted). Notably absent from this list is dismissal of a case because the trial court has concluded that it has no merit.[3] Royale Belge has never alleged that Wometco's third party suit is frivolous or vexatious.

There have also been cases in other circuits which have been dismissed *sua sponte* solely because they lacked merit, but those cases have emphasized that such dismissal is appropriate only "if the proper procedural steps are taken and if the determination is correct on the merits." *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 507 F.Supp. 1128, 1134 (D.Nev.1980). The Ninth Circuit reversed a *sua sponte* dismissal where the proper procedural steps were not taken, holding: "[t]he trial judge should have given notice of his intention to dismiss, an opportunity to submit a written memorandum in opposition to such motion, a hearing, and an opportunity to amend the complaint to overcome the deficiencies raised by the court. . . ." *California Diversified Promotions, Inc. v. Musick,* 505 F.2d 278, 281 (9th Cir.1974). *Accord, Lewis v. State of New York,* 547 F.2d 4, 6 (2d Cir. 1976); *Literature, Inc. v. Quinn,* 482 F.2d 372, 374 (1st Cir.1973). The rule that emerges from these cases is that courts exercise their inherent power to dismiss a suit that lacks merit only when the party who brought the case has been given notice and an opportunity to respond. Royale Belge's reliance on two cases where the

---

**2.** This is a diversity case and the parties agree that diversity remains between Wometco and Royale Belge.

**3.** We do note that this list includes frivolous actions. We do not hold that cases cannot, if proper procedures are followed, be dismissed when they are so patently lacking in merit as to be frivolous.

court *sua sponte* dismissed suits for lack of merit without giving any notice is misplaced.

Both cases relied on by Royale Belge can be distinguished because they had progressed to a later stage in litigation, indicating that the claim had been more fully adjudicated. In each, a temporary injunction had been granted and was appealed. The appellate court dissolved the injunction and dismissed the entire case, noting that the affidavits filed in relation to the injunction demonstrated that the plaintiff's claim had no merit. In *Mast, Foos & Co. v. Stover Manufacturing Co.,* 177 U.S. 485, 20 S.Ct. 708, 44 L.Ed. 856 (1900), the Court dismissed an equity suit brought for infringement of a patent. The court stated that it was ordering dismissal because the case was "obviously devoid of equity upon its face, and such invalidity be incapable of remedy by amendment." 177 U.S. at 495, 20 S.Ct. at 712. The Court explained that it was dismissing the case "to save a protracted litigation." *Id.* However, it also stated that whether a court could order a *sua sponte* dismissal depended on the "circumstances of the particular case. . . . If the showing made by the plaintiff be incomplete . . . the case should be remanded for a full hearing upon pleadings and proofs." *Id.* The showing made by Wometco in this case could not be more incomplete. The only pleading filed was its third party complaint. The stay order absolutely prevented Wometco from developing its case.

*Mast* provided the basis for the Ninth Circuit's holding in *Aerojet-General Corporation v. American Arbitration Association,* 478 F.2d 248 (9th Cir.1973). In *Aerojet-General* the defendant asked the court to dismiss the complaint at the preliminary injunction hearing; however, it did not formally move to dismiss. In dissolving the preliminary injunction and dismissing the case, the court pointed out that both sides had filed affidavits in connection with the preliminary injunction and that the affidavits did not conflict in any material respect. Further, the plaintiff in *Aerojet-General* had not suggested that there was any additional evidence it would later present that could bolster its case. Thus, because there was no material factual dispute and because under the standard of review set out in the opinion the defendant would be entitled to judgment as a matter of law, the court ruled that it should dismiss the case *sua sponte.*

Unlike the plaintiffs in *Mast* or *Aerojet-General,* Wometco had no opportunity to develop the facts supporting its claim or to complete its pleadings. Since United Fire has not appeared and Royale Belge has not yet filed an answer to the third party complaint, Wometco has a right under Fed.R. Civ.P. 15(a) to amend its complaint to overcome any deficiencies in its case. In its reply to Royale Belge's "suggestion" of dismissal, Wometco did not address the merits of its case, pointing out instead that it would be unfair to dismiss the case when the motion before the court was to lift the stay. Wometco was correct in refusing to argue the merits. Even if its claim ultimately has no merit, a party who brings a claim in good faith has a due process right to litigate that claim. Royale Belge's "suggestion" did not constitute notice to Wometco that the court was contemplating dismissal. The only motion before the court was Wometco's motion to lift the stay. The order denying that motion and *sua sponte* dismissing the case failed to give Wometco its due process rights to file a written response, present its arguments at a hearing, and amend its complaint.

REVERSED and REMANDED for further proceedings consistent with this opinion.