[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10498
Non-Argument Calendar
_____

D.C. Docket No. 5:13-cv-02350-CLS


DEANDRE RUSSELL,

Plaintiff-Appellant,

versus

REDSTONE FEDERAL CREDIT UNION,
C. HOWARD GRISHAM,
Attorneys and Collection Agency,
JEFFERY L. COOK,
Attorneys and Collection Agency,
JOHN LARSEN, Bankrupt Counsel,
PHILLIP A. GEDDES, Bankruptcy Trustee, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(April 15, 2015)

Before JORDAN, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

DeAndre Russell, proceeding *pro se*, appeals from the district court's *sua sponte* dismissal of his civil complaint for failure to state a claim for relief. As brief relevant background, in 1996 and 1997, Redstone Federal Credit Union ("Redstone") obtained state-court default judgments against Russell. In his complaint, Russell asserted that, in 2011, he had initiated a bankruptcy proceeding in the U.S. Bankruptcy Court for the Northern District of Alabama after Redstone and its collections agents, C. Howard Grisham and Jeffery L. Cook, had forced him into bankruptcy based on the 1996 and 1997 state-court judgments. Russell's complaint then alleged claims of (1) fraud by concealment, in violation of Ala. Code § 6-2-3; (2) fraud by deception; (3) excessive attorney fees at default; (4) "Truth in Lending"; (5) Regulation Z, 12 C.F.R. § 226.6; (6) the Federal Trade Commission's "FTC-5 A of the UNFAIR DECEPTIVE ACTS AND PRACTICES"; (7) the Fair Debt Collection Practices Act ("FDCPA"); and (8) the Truth in Lending Act ("TILA") against Redstone, Grisham, and Cook, based on how they obtained the 1996 and 1997 state-court judgments. Russell also alleged claims of negligence and breach of fiduciary duty against Philip A. Geddes, the bankruptcy trustee in the 2011 bankruptcy proceeding, and Scott Michael Ford, the counsel for the bankruptcy trustee. Russell further alleged claims of negligence

2

against John and Melissa Larsen, his attorneys in the 2011 bankruptcy proceeding. The district court dismissed the complaint against all defendants as barred by *res judicata*. While the case was pending, Russell moved for "preliminary injunctive relief" to stop the foreclosure of his home, and the court denied the motion as moot.

On appeal, Russell first argues that the district court improperly dismissed his complaint on grounds of *res judicata* because: (1) in 2011, the bankruptcy court had not mentioned his allegations of fraud or his conflict with the Larsens; (2) he had not previously litigated in state court his fraud claim and other issues raised in the instant complaint; (3) the doctrine of *res judicata* only bars claims that could have been litigated when the unlitigated claims were for "insignificant matters"; and (4) *res judicata* does not bar unlitigated claims involving "fraud, willful and malicious injury to a party, etc.," because doing so would make the courts a participant in the fraud. Second, he argues that the district court should not have denied his motion for an injunction. Third, Russell argues that he is entitled to the costs of this appeal.

The district court dismissed Russell's complaint sua sponte on res judicata grounds after denying him in forma pauperis status.[1] In *Jefferson Fourteenth Associates. v. Wometco de Puerto Rico, Inc.* 695 F.2d 524 (11th Cir. 1983), we

---

[1]    Had the court granted IFP status, it could have reviewed the complaint for frivolity, failure to state a claim, etc., under 28 U.S.C. § 1915(e)(2)(B)(ii).

specifically prohibited a sua sponte dismissal in the following circumstances: (1) the defendant had not filed an answer and, thus, the plaintiff still had a right under Fed.R.Civ.P. 15(a) to amend the complaint; (2) the plaintiff's claim was brought in good faith and was not vexatious or patently frivolous; and (3) the district court had provided the plaintiff with neither notice of its intent to dismiss the complaint nor an opportunity to respond.  *Id.* at 527.  While Russell's case is arguably barred by res judicata, the district court lacked authority to dismiss without following the proper procedure.  Therefore, we vacate and remand for the court to give Russell notice of its intention to dismiss and to allow him an opportunity to respond.

VACATED and REMANDED.