[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-10650
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-25256-UU


SHAWN MARCOS HENRY,

Plaintiff-Appellant,

versus

KATHERINE FERNANDEZ-RUNDLE,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 16, 2019)

Before TJOFLAT, JORDAN and HULL, Circuit Judges.

PER CURIAM:

Shawn Henry, a Florida prisoner proceeding pro se, appeals from the district

court's order dismissing his complaint without prejudice as frivolous.  Henry

described his complaint as a "demand for proof of subject matter jurisdiction brought under the court's federal question jurisdiction, 28 U.S.C. § 1331," and referred to himself as a "Secured Party/Creditor." Henry alleged that he was "being held as collateral against his will in the location of the DEPARTMENT OF CORRECTIONS pursuant to an unconstitutional judgment," namely, the judgment in his underlying Florida criminal case.

In essence, Henry contended that the state trial court lacked subject matter jurisdiction to prosecute him back in 1994.[1] Henry asserted that this was so because, as a "natural born, free, living, breathing, flesh and blood human with sentient and moral existence," he is "not a United States Citizen" and "is not a subject of, or to, the State State Constitution or the United States Constitution, its Ordinances, Statutes, Codes, or Regulations." Henry elaborated that the courts of this country enforce "codes and statutes that only apply to corporations or other fictional entities" and "have no jurisdiction over living men." As relief, Henry asked that his criminal conviction be vacated for lack of subject matter jurisdiction and that he be discharged from state custody.

The district court <u>sua sponte</u> dismissed Henry's complaint without prejudice. The district court determined that Henry's complaint was frivolous, as Henry had

---

[1]Henry was convicted in state court in 1994 of first-degree murder and armed burglary and was sentenced to a total term of life imprisonment.

2

"failed to plead anything close to approaching an actionable claim." The district court noted that Henry's complaint was "saturated with legal terms and concepts," but those legal terms and concepts, and the documents attached to his complaint, were "nonsensical and certainly [did] not support any sort of viable cause of action." The district court further commented that Henry's complaint "may be associated with what is known as the 'sovereign citizen' movement," and that claims of lack of subject matter jurisdiction by sovereign citizens are "wholly insubstantial and frivolous."

In addition, the district court determined that any amendment to Henry's complaint would be futile. The district court acknowledged that, typically, a plaintiff must be given at least one opportunity to amend his complaint before it is dismissed. But the district court concluded that it was "evident that the deficiencies in [Henry's] Complaint cannot be cured by amendment." Accordingly, the district court dismissed Henry's complaint without prejudice as frivolous.

On appeal, though disclaiming any assertion that he is a "sovereign citizen," Henry largely advances the same arguments he made in the district court—namely, that his 1994 Florida conviction is invalid because the state, as a "corporate entity," lacked subject matter jurisdiction over him, a "flesh and blood man."

3

After review, we affirm.  District courts have the inherent authority to dismiss frivolous suits sua sponte.[2]  See Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir. 1983).  "A claim is frivolous if it lacks an arguable basis either in law or in fact."  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (internal quotations omitted).  This Court previously has recognized that "so-called 'sovereign citizens'" often "believe they are not subject to the jurisdiction of the courts" and that "[c]ourts have . . . summarily rejected their legal theories as frivolous."  United States v. Sterling, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (citing United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (rejecting defendants' sovereign-citizen based arguments that they were beyond the court's jurisdiction)).

The district court did not abuse its discretion in dismissing, sua sponte, Henry's complaint.  Whether Henry wishes to call himself a sovereign citizen or not, it is clear that his complaint is premised on the same types of legal theories advanced by other sovereign citizens seeking to assert immunity from prosecution. See Benabe, 654 F.3d at 761-62, 764 (defendant claimed he was not subject to the jurisdiction of the United States because he was a "flesh-and-blood human being and secured party creditor").  Such claims have no arguable legal basis and are

---

[2]We review the district court's exercise of its inherent powers for an abuse of discretion. Pedraza v. United Guar. Corp., 313 F.3d 1323, 1328 (11th Cir. 2002).

patently frivolous.  See id. at 767 ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts."); see also Sterling, 738 F.3d at 233 n.1; Bingham, 654 F.3d at 1175.  Thus, the district court properly dismissed Henry's complaint without prejudice as frivolous.  See Jefferson Fourteenth Assocs., 695 F.2d at 526.[3]

**AFFIRMED.**

---

[3]As far as we can tell, Henry's brief on appeal does not raise any argument that the district court erred in failing to allow him an opportunity to amend before dismissing his complaint.  Nevertheless, we conclude that any such argument would fail.  A district court may dismiss a complaint without first granting leave to amend if it finds that any such amendment would be futile.  See Sibley v. Lando, 437 F.3d 1067, 1073 (11th Cir. 2005).  Here, we agree with the district court that, in light of the baseless legal theories underlying Henry's claims, amendment would have been futile in this case.  See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed . . . .").