[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-11901

Non-Argument Calendar

_____

ELIAS MAKERE,
FSA MAAA,

                                        Plaintiff-Appellant,

versus

E GARY EARLY,
ADMINSTRATIVE LAW JUDGE,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:21-cv-00096-MW-MAF

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Elias Makere appeals from the district court's dismissal of his *pro se* amended complaint alleging violations of his civil rights under 42 U.S.C. § 1983, on the ground that the defendant was entitled to absolute judicial immunity. Makere argues that the district court erred when it *sua sponte* dismissed his complaint against Judge E. Gary Early—who had ruled previously against Makere in an employment discrimination case—because Makere paid the filing fee for his complaint, Judge Early had not been served process, and the district court lacked the authority to assert absolute judicial immunity on behalf of Judge Early. After *de novo* review,[1] we agree with Makere that the district court erred by *sua sponte* dismissing his complaint at this stage.[2]

---

[1] The record is unclear as to what rule or statute the district court was relying upon when it *sua sponte* dismissed Makere's complaint—it appears that the district court may have been proceeding under 28 U.S.C. § 1915(e)(2) or possibly Federal Rule of Civil Procedure 12(b)(6). *Sua sponte* dismissals under § 1915(e)(2) or Rule 12(b)(6) are reviewed *de novo*. *Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003) (explaining that we review a district court's *sua sponte* dismissal under § 1915(e)(2) *de novo*); *Timson v. Sampson*, 518 F.3d 870, 872 (11th Cir. 2008) (explaining that we review *de novo* a Rule 12(b)(6) dismissal.

[2] Because we vacate and remand this case due to the district court's procedural error, we deny as moot Makere's accompanying motion to take judicial notice of twelve public records relating to the merits of his case.

In February 2021, Makere filed a complaint in the U.S. District Court for the Northern District of Florida against Judge Early, along with an application to proceed *in forma pauperis* ("IFP"). Consequently, the case was referred to a magistrate judge for further processing.[3] The magistrate judge then issued an order explaining that Makere's complaint and IFP motion could not be considered because they failed to comply with the local rules—both documents lacked the required handwritten signature and the IFP motion was not submitted on the correct form. The magistrate judge directed the clerk's office to send Makere the correct IFP form and ordered that Makere file an amended complaint and amended IFP motion that complied with the referenced local rules by a certain date. The magistrate judge cautioned that "[f]ailure to comply with this [c]ourt [o]rder may result in a recommendation of dismissal of this action."

When Makere failed to file the amended pleadings by the specified date, the magistrate judge issued a report and

---

[3] Although the record does not reflect the basis for referring the case to the magistrate judge, we presume that the district court was operating under its Local Rule 5.3, which provides that where a party files a civil action and moves to proceed IFP, "the Clerk must open the case and refer any motion for leave to proceed *in forma pauperis* to an assigned judge." N.D. Fla. Local Rule 5.3. Furthermore, under the Local Rules, a party seeking to proceed IFP is prohibited from serving process on the defendants until the district court "enters an order authorizing" service. *Id.* Rule 4.1(A). Thus, Judge Early was not served at this time.

recommendation ("R&R"), recommending that the district court dismiss the case for Makere's failure to comply with its prior order.

Approximately twelve days later, Makere filed an amended complaint, objected to the magistrate judge's R&R, and, on the following day, paid the filing fee in full. On April 9, 2021, the magistrate judge, recognizing that Makere had filed an amended complaint and paid the filing fee, treated Makere's objections to the R&R as a motion for reconsideration, which it granted, and vacated the R&R.

Later that same day, however, the magistrate judge issued a second R&R recommending that the district court *sua sponte* dismiss Makere's complaint because, as an administrative law judge, Judge Early is entitled to absolute judicial immunity. While the magistrate judge did not reference 28 U.S.C. § 1915, presumably—as there is nothing in the record that indicates that the defendant was ever served or filed his own motion to dismiss—the magistrate judge was screening the case pursuant to § 1915, which governs *in forma pauperis* proceedings.[4] Makere objected to the second R&R,

---

[4] Section 1915 provides that in IFP proceedings, the court:

> shall dismiss the case . . . if the court determines that . . . **(B)** the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915 (e)(2). Although the magistrate judge did not specify the § 1915 provision under which he proceeded, his repeated references to judicial immunity suggest § 1915(e)(2)(B)(iii).

arguing that he filed an amended complaint and paid the filing fee, and that the magistrate judge failed to cite a rule or statute that authorized the *sua sponte* dismissal of his civil action under these circumstances.  The district court adopted the second R&R it in a one-page order over Makere's objections and dismissed the case.

The district court erred when it dismissed this case.  After paying the filing fee, Makere was not subject to 28 U.S.C. § 1915,[5] and the district court could not *sua sponte* dismiss his case under the screening provisions of § 1915.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

Furthermore, to the extent the district court dismissed the complaint *sua sponte* under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim—because again it is not clear what rule or statute the district court was proceeding under—we have prohibited such dismissals where, as here, the defendant has not filed an answer (indeed, here, the defendant was never served), "and the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  *See American United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.

---

[5]While § 1915 applies to non-prisoners proceeding *in forma pauperis*, *see Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004), it does not apply to non-prisoners who have paid the requisite filing fee.  *See Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP.").  Makere paid his filing fee, and nothing in the record suggests that Makere was a prisoner.

6                    Opinion of the Court                    21-11901

2007); *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 527 (11th Cir. 1983).  In short, the district court erred in *sua sponte* dismissing the case at this preliminary stage of the proceedings.[6]  Accordingly, we vacate and remand the case.

**VACATED AND REMANDED.**

---

[6] Nothing in this opinion precludes the district court from *sua sponte* dismissing the case on remand if it determines that the complaint fails to state a claim provided that the defendant is served, and the court provides Makere with notice of its intent to dismiss and an opportunity to respond.