[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11526

Non-Argument Calendar

_____

LISA REMBERT,

Plaintiff - Appellant,

versus

DUNMAR ESTATES,
DUNMAR HOMEOWNERS ASSOCIATION,
FERDINANDSEN ENTERPRISES, INC,
d.b.a. World of Homes,
EMPIRE MANAGEMENT GROUP, INC.,
CITY OF WINTER SPRINGS, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00544-CEM-LHP

_____

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Lisa Rembert's case was dismissed without prejudice—and before defendants had been served—because her attorney knowingly violated local rules. Two days after Rembert filed her complaint, a district judge ordered her counsel to comply with Local Rule 3.03 and file a disclosure statement within fourteen days. Accompanying the order was a docket entry signed by the district judge titled "NOTICE TO COUNSEL AND PARTIES" stating that the failure "to comply with ANY Local Rules or Court Orders may result in" sanctions including "dismissal of this action or entry of default without further notice."

After twenty days of inaction from Rembert, the court sua sponte dismissed the case without prejudice. She appealed. Her counsel committed various procedural errors during the appeal, which at one point led us to dismiss for failure to file a disclosure statement. Rembert has since filed a separate district court action against the same defendants, which is proceeding.

In general, involuntary dismissals of complaints without prejudice are final, appealable orders. *Justice v. United States*, 6 F.3d 1474, 1481 (11th Cir. 1993); *but see Grayson v. K Mart Corp.*, 79 F.3d 1086, 1094–95 & n.7 (11th Cir. 1996). Even if we agree that this was indeed a final appealable order, that the appeal is not moot, and that Rembert's appeal was procedurally proper, the district court's dismissal was appropriate.

Rembert raises several constitutional arguments, but concedes that we "need not address any constitutional questions to do complete justice in this case." The last sentence of the brief, without citing any authority, requests the refund of filing fees and costs, as well as attorney's fees. These arguments are abandoned. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014).

One question remains: do courts have the power to dismiss cases sua sponte under Fed. R. Civ. P. 41(b)? Yes. That power "cannot seriously be doubted" when the dismissal is for failure to comply with "any order of court," even if it is "with prejudice." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).

We review Rule 41(b) sua sponte dismissals for abuse of discretion. *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980).[1] It was not an abuse of discretion to dismiss, even *with prejudice*, due to plaintiff's "personal inattention to this case." *Id.*;

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (Fifth Circuit decisions published before October 1981 are binding precedent).

see also Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir. 1983) (we have "also upheld sua sponte dismissals" for "failure to comply with court orders"). The one case plaintiff cites, Woodham v. Am. Cystoscope Co. of Pelham, New York, 335 F.2d 551 (5th Cir. 1964), is inapplicable. Rembert's brief concedes that her counsel knew of Local Rule 3.03 and does not allege any lack of knowledge about the docket entry explaining the consequences of violating it.

We **AFFIRM** the district court's order dismissing Rembert's complaint without prejudice.