[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-10218

Non-Argument Calendar

_____

HAROLD JEAN-BAPTISTE,

Plaintiff-Appellant,

*versus*

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL OF THE UNITED STATES,
FEDERAL BUREAU OF INVESTIGATIONS,
DIRECTOR, FEDERAL BUREAU OF INVESTIGATION,
CIVIL PROCESS CLERK FOR THE U.S. ATTORNEY'S,
OFFICE FOR THE SOUTHERN DISTRICT OF FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:24-cv-24646-RAR

_____

Before LUCK, LAGOA, and KIDD, Circuit Judges.

PER CURIAM:

Harold Jean-Baptiste, proceeding *pro se*, appeals the denial of his motion for leave to file a proposed complaint, in which he alleged various statutory and constitutional violations based on his allegations that the federal government has conspired to injure or kill him.[1] On appeal, he argues that the district court improperly dismissed his case based on judicial bias, denied his First Amendment right to petition the government for a redress of grievances, and inaccurately applied the law.

A district court's exercise of its inherent powers is reviewed for abuse of discretion. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002). "Discretion means the district court has a 'range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law.'" *Betty K Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1337

---

[1] Pursuant to an order entered in a prior case deeming Jean-Baptiste a vexatious litigant under 28 U.S.C. § 1651(a), Jean-Baptiste was required to obtain written approval from a magistrate judge prior to filing any new *pro se* cases in the Southern District of Florida alleging that the government conspired to monitor, surveil, or harm him.

(11th Cir. 2005) (quoting *Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc.*, 420 F.3d 1317, 1324 (11th Cir. 2005)).

Our precedent allows a district court to dismiss under its inherent powers an action that is "so patently lacking in merit as to be frivolous" when the party that brought the case has been given notice and an opportunity to respond. *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir. 1983). "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

"A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Frivolous claims include claims describing "fantastic or delusional scenarios." *Id.* (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)) (defining frivolity in the context of *in forma pauperis* proceedings). We review frivolity determinations for abuse of discretion because they are "best left to the district court." *Id.* A court need not presume that facts alleged in the complaint are true if they are "farfetched or baseless, or both." *Cofield v. Ala. Pub. Serv. Comm'n*, 936 F.2d 512, 515 (11th Cir. 1991). A court may also consider "a litigant's history of bringing unmeritorious litigation" when determining frivolousness. *Bilal*, 251 F.3d at 1350.

*Pro se* pleadings are held to a more lenient standard than counseled pleadings and are, therefore, liberally construed. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But

that leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action. *See Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)). That is, *pro se* pleadings must still contain some factual basis for their claims. *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015).

In civil cases, we generally will not consider an issue not raised in the district court. *Burch v. P.J. Cheese, Inc.*, 861 F.3d 1338, 1352 (11th Cir. 2017). To preserve a claim or argument, a party must first "clearly present" it to the district court in a manner that gives the court an opportunity to recognize and rule on it. *Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014).

Ordinarily, we review a judge's decision not to recuse himself for bias for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004). Where a party fails to move for recusal of the district judge in the proceedings below, however, we review for plain error. *Id.* Under the plain-error standard, an appellant must show that there was (1) an error, (2) that was plain, and (3) the error affected his substantial rights. *Higgs v. Costa Crociere S.p.A. Co.*, 969 F.3d 1295, 1307 (11th Cir. 2020).

Here, the district court did not abuse its discretion by dismissing Jean-Baptiste's proposed amended complaint as patently frivolous because the proposed complaint contained far-fetched and baseless allegations that an unknown Federal Bureau of Investigation agent worked with various entities to conspire to murder

him through the ingestion of toxic substances.  Not only is a district court best suited to determine frivolity, *see Bilal*, 251 F.3d at 1349, but 28 U.S.C. § 1915 "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and [to] dismiss those claims whose factual contentions are clearly baseless," *Neitzke*, 490 U.S. at 327.  We agree with the district court that Jean-Baptiste's allegations are detached from reality and clearly baseless.

As to his arguments related to judicial bias, Jean-Baptiste is not entitled to relief.  To the extent he believes the district judge should have been disqualified, he failed to preserve the issue by failing to move for recusal below, so we review the district court's decision not to recuse itself for plain error.  *Berger*, 375 F.3d at 1227. On appeal, Jean-Baptiste has not identified any bias "stem[ming] from extrajudicial sources" that would be sufficient to disqualify a judge from a case.  *Hamm*, 708 F.2d at 651.  As the Supreme Court has explained: "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves[,] . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky v. United States*, 510 U.S. 540, 555 (1994) (citation omitted); *see also Hamm*, 708 F.2d at 651 ("Neither a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias.").  Given that Jean-Baptiste premises his assertion of bias on the district court's "ruling in favor of the Appellee," he has not come close to establishing judicial bias here.  Therefore, we

6                    Opinion of the Court                    25-10218

conclude that the district court did not err, much less plainly err, when it dismissed this case with prejudice.

**AFFIRMED.**