**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-12065
_____

WALTER W. VEGA,

*Plaintiff-Appellant,*

*versus*

FRED R. KAHLE,
Assistant State Attorney, official capacity,
HONORABLE FRANCIS LYNN GERALD,
Official capacity,
JOHN TOBECK,
Officer, official capacity,
LEE COUNTY SHERIFF'S OFFICE,
Official capacity,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:23-cv-00267-JLB-NPM

————————————

Before BRANCH, LUCK, and LAGOA, Circuit Judges.

LAGOA, Circuit Judge:

Walter Vega is no stranger to the federal courts. With this appeal, it will be his fifth time litigating the events following his 2005 arrest, but his first time doing so after paying the filing fee. The district court, noticing that Vega had brought the same raised and rejected claims again, deemed his complaint frivolous and concluded that any amendment at this time would be futile. The district court then *sua sponte* dismissed the complaint before providing notice to Vega of its intention to do so or giving him an opportunity to amend, and without service of process to the defendants. Vega now challenges the district court's ability to *sua sponte* dismiss in these circumstances without statutory authorization. After careful consideration and with the benefit of oral argument, we affirm the district court's dismissal of Vega's complaint.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On November 2, 2005, Vega was charged with sexual battery under Fla. Stat. § 794.011. *Vega v. Sec'y, DOC*, 2014 WL 1328763, at *2 (M.D. Fla. Apr. 2, 2014). A jury in state court found Vega guilty, and the trial court sentenced him to 13 years and 183 days in prison. *Id.* On appeal, the state appellate court affirmed the conviction and sentence. *See Vega v. State*, 980 So. 2d 502 (Fla. 2d DCA 2008). On

May 20, 2008, Vega filed a motion to vacate or correct a sentence under Rule 3.850 of the Florida Rules of Criminal Procedure, raising five claims of ineffective assistance of counsel. *Vega*, 2014 WL 1328763, at *2. The post-conviction court denied four claims and ordered an evidentiary hearing on the remaining one. *Id.* After the hearing, the post-conviction court denied Vega's Rule 3.850 motion. *Id.* The state appellate court affirmed the denial. *See Vega v. State*, 64 So. 3d 1273 (Fla. 2d DCA 2011).

Around February 22, 2010, Vega filed a petition for a writ of habeas corpus in state court, reiterating the same claims he made on his direct appeal and in his Rule 3.850 motion. *Vega*, 2014 WL 1328763, at *2. The state court denied it two weeks later, and that denial was again affirmed on appeal. *See Vega v. State*, 30 So. 3d 505 (Fla. 2d DCA 2010). Vega then embarked on a multi-year journey to litigate his case in federal court, filing multiple suits that all ended in dismissals.

*First*, following the denial of his state court habeas petition, Vega filed a federal one pursuant to 28 U.S.C. § 2254 on July 25, 2011, raising 10 claims of trial and procedural errors. *Vega*, 2014 WL 1328763, at *1–2. Claims 1–5 asserted that the trial court erred in: (1) allowing the sexual assault victim to offer prejudicial testimony; (2) not granting his motion for judgment of acquittal; (3) failing to strike testimony of the victim's former boyfriend; (4) admitting hearsay testimony; and (5) allowing a police officer to give his interpretation of Vega's statement. *See id.* at *5. The district court dismissed those claims because they were unexhausted,

addressed and dismissed on direct appeal by the state appellate court, and lacked any evidence of a fundamental miscarriage of justice. *Id.* at *5–6. Claims 6–10 alleged that the trial counsel failed to (6) adequately investigate and prepare for trial; (7) object "to the lack of required oaths on 'the documents filed'"; (8) impeach the prosecution's witness or question the chain of custody of the DNA evidence; (9) oppose hearsay evidence; and (10) object to the prosecution shifting the burden of proof. *Id.* at *7–12 (citations omitted). The district court denied these claims under 28 U.S.C. § 2254(d) because Vega failed to show an unreasonable determination of the facts or application of federal law to warrant relief. *See id.* Accordingly, the district court did not grant Vega a certificate of appealability because no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at *15 (quoting *Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

*Second*, Vega then filed a *pro se* complaint under 42 U.S.C. § 1983 against the City of Fort Myers and Officer John Tobeck, the arresting police officer. *See* Complaint, *Vega v. City of Fort Myers*, No. 13-cv-869 (M.D. Fla. Dec. 13, 2013), ECF No. 1. Vega alleged that Officer Tobeck violated his Fourth Amendment rights by using excessive force when arresting Vega and illegally searching his person and car and that the City denied him due process when it sold his car without notifying him. *Id.* at 5–6. Because Vega proceeded *in forma pauperis*, the district court first screened the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it was frivolous, malicious, or failed to state a claim upon which relief could

be granted. Order at 1 n.2, *Vega v. City of Fort Myers*, No. 13-cv-869 (M.D. Fla. Dec. 26, 2013), ECF No. 7. The district court held that Vega's Fourth Amendment claim was time-barred and that the due-process claim failed as a matter of law. *Id.* at 4–7. In a footnote, the district court commented that, to the extent Vega argued that the unlawful arrest and search of his car led to a wrongful conviction, his claim was barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *Id.* at 4 n.4. Under *Heck*, a § 1983 plaintiff must prove that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, invalidated by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus" "to recover damages for an allegedly unconstitutional conviction or imprisonment." *Id.* (citing *Heck*, 512 U.S. at 486–87). Vega made no such showing. *Id.*

*Third*, Vega filed another *pro se* § 1983 complaint alleging violations of his First, Fourth, Sixth, and Fourteenth Amendment rights and various state constitutional laws. Complaint at 5, *Vega v. State of Florida*, No. 15-cv-528 (M.D. Fla. Aug. 31, 2015), ECF No. 1. Keeping the first § 1983 defendants, Vega also added Assistant State Attorney Fred Kahle and the State of Florida to this case. *Id.* at 1. The allegations included denying Vega an interpreter, presenting false testimony, allowing prejudicial remarks from the prosecution, and using excessive force during the arrest. *Id.* at 5–9. Proceeding *in forma pauperis* again, Vega was required, under penalty of perjury, to disclose on the relevant form any prior litigations involving the same or similar facts. *Id.* at 1–3. When asked if he had "initiated other lawsuits in <u>federal court</u> dealing with the same or similar

facts involved in this action," Vega checked "no." *Id.* at 2 (emphasis in original). When asked if he had "initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted," Vega wrote "not applicable." *Id.* at 2–3. As the district court noted, Vega's answers were demonstrably false. Order at 2, *Vega v. State of Florida*, No. 15-cv-528 (M.D. Fla. Aug. 31, 2015), ECF No. 22. When ordered to "show cause why this case should not be dismissed for abuse of the judicial process" after lying on the complaint form, Vega never responded. *Id.* at 1. Given these shortcomings, the district court dismissed Vega's case without prejudice. *Id.* at 3.

*Fourth*, Vega filed his third *pro se* § 1983 complaint, listing all the previous defendants and adding Alligator Towing Company and the Union Correctional Institution to the case. Complaint, *Vega v. State of Florida*, No. 16-cv-084 (M.D. Fla. Feb. 1, 2016), ECF No. 1. Proceeding *in forma pauperis* once more, Vega asserted variations of the same dismissed allegations from his previous cases. *Id.* at 17–20. The district court dismissed the State of Florida and the City of Fort Myers as defendants because Vega did not allege a custom or policy that caused a constitutional deprivation. Order at 5, *Vega v. State of Florida*, No. 16-cv-084 (M.D. Fla. Apr. 21, 2017), ECF No. 34. It also dismissed the excessive force claims against Officer Tobeck as time-barred. *Id.* at 6. Finally, the district court again told Vega that, to the extent that he was challenging his arrest and trial under § 1983, such claims were barred under the *Heck* doctrine

because Vega had not yet shown that his conviction or sentence had been invalidated or called into question. *Id.* at 5–6.

Vega's tortuous journey leads us to the present appeal. On April 18, 2023, Vega filed his fourth § 1983 complaint, this time naming only Kahle and Officer Tobeck, but adding the Hon. Francis Lynn Gerald of Florida's Circuit Court and the Lee County Sheriff's Office as defendants. He again alleged a litany of constitutional violations involving his arrest and trial for the 2005 sexual battery charges—the use of excessive force, denial of a speedy trial, and various erroneous evidentiary rulings. But this time, Vega no longer proceeded *in forma pauperis*; he paid the filing fee.

A month and a half after the complaint was filed, but before it was served on the defendants, the district court undertook a "preliminary screening" of the case. It found that the complaint raised "virtually identical claims" that had already been raised and rejected. The district court again highlighted that Vega's case was barred under the *Heck* doctrine. It also found that Vega's complaint was "successive," "patently frivolous," "duplicative," and "malicious." Citing our unpublished decision in *Cuyler v. Aurora Loan Services, LLC*, 2012 WL 10488184 (11th Cir. Dec. 3, 2012), and the Second Circuit's decision in *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362 (2d Cir. 2000), the district court reasoned that it had "inherent authority to dismiss a patently frivolous complaint." So without providing notice or an opportunity to amend, the district court *sua sponte* dismissed the case and told Vega that he may file a new action "after his convictions are overturned" to avoid any

*Heck* doctrine issues. But until then, any leave to amend the complaint "would be futile."

Vega timely appealed, and counsel was appointed to represent him on appeal.

## II.    STANDARD OF REVIEW

A district court's exercise of its inherent powers is reviewed for an abuse of discretion. *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002). But "a determination [of] the scope of those powers is a legal conclusion" and is reviewed *de novo*. *Id.*

## III.    ANALYSIS

To evaluate Vega's challenge to the district court's order, we first lay out what Vega *is not* challenging. Vega is not challenging the fact that past district courts have addressed the merits of the same issues he lodges in the present complaint. Vega is also not challenging the district court's determination that his complaint is "patently frivolous," "duplicative," "successive," and "malicious." And Vega does not properly challenge the district court's conclusion that any amendment to his complaint would be futile.[1]

---

[1] In Vega's reply brief, he asserts that the district court "did not make an enhanced finding necessary in other circuits" that his complaint was "totally implausible" or that it was "crystal clear" that he "cannot prevail and that amending the complaint would be futile." He urges us to "craft and publish a rule that requires such enhanced findings." We decline to do so here, but to the extent Vega is challenging the district court's futility determination, he did not present these arguments in his initial brief, and "[a]rguments not properly

23-12065                    Opinion of the Court                    9

So, Vega's argument is that, because he paid the filing fee, the district court could not *sua sponte* dismiss his suit (which he does not deny was frivolous) before notifying him of the dismissal and providing him with an opportunity to respond. Vega believes that his payment of the filing fee "exempted [his] complaint from screening or dismissal under [28 U.S.C. § 1915]" and endowed his frivolous complaint with the aforementioned procedural protections, unlike a plaintiff proceeding *in forma pauperis* under § 1915.

But Vega is wrong as a matter of law. To begin with, the district court did not invoke the *in forma pauperis* screening provisions of § 1915, so we reject Vega's suggestion that the district court somehow erred in "dismiss[ing] his case *sua sponte* under the screening provisions of § 1915"—something it did not do.

More importantly, Vega is incorrect when he states that this Court "prohibits" *sua sponte* dismissals under Rule 12(b)(6) where the district court did not provide the plaintiff with notice of its intent to dismiss or an opportunity to respond. We have held that, generally, "[p]rior to dismissing an action on its own motion, a court must provide the plaintiff with notice of its intent to dismiss and an opportunity to respond." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015) (citing *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011)). But we have carved out an exception to this requirement: "when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.*; *see also*

—————————

presented in a party's initial brief or raised for the first time in the reply brief are deemed waived." *In re Egidi*, 571 F.3d 1156, 1163 (11th Cir. 2009).

*Tazoe*, 631 F.3d at 1336 ("To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond. There is an exception to our general rule against dismissal without notice if the complaint is patently frivolous or if reversal . . . would be futile." (internal quotations omitted)). Our precedent thus recognizes that a district court is permitted to *sua sponte* dismiss a suit without notice and opportunity if the court determines that the complaint is patently frivolous or amendment would be futile.[2]

---

[2] We recognize that district court did not invoke Rule 12(b)(6) when dismissing Vega's complaint and instead relied on its inherent authority to dismiss a patently frivolous complaint. Vega questions the existence of that authority, in particular because he paid the filing fee. But the Supreme Court "has long recognized that a district court possesses inherent powers that are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly expeditious disposition of cases." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quotations omitted). The Court "has never precisely delineated the outer boundaries of a district court's inherent powers, [but it] has recognized certain limits on those powers." *Id.* "First, the exercise of an inherent power must be a reasonable response to the problems and needs confronting the court's fair administration of justice." *Id.* (quotations omitted). Second, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute." *Id.* Consistent with these limitations, we conclude that district courts have the inherent authority to *sua sponte* dismiss without prejudice patently frivolous suits even where the plaintiff has paid the filing fee. *See Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) (suggesting, albeit in dicta, that, even in the absence of 28 U.S.C. § 1915(d), "there is little doubt [that a court] would have the power to" dismiss a frivolous or malicious action); *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee").

23-12065                Opinion of the Court                11

Vega does not appear to dispute *Surtain*'s holding. And, again, Vega does not properly challenge the district court's conclusions that his complaint was frivolous and that any amendment would be futile. Vega, however, resists the holding of *Surtain* by directing our attention to an "earlier line of cases." Specifically, he points to *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305 (11th Cir. 2004), where we stated, in a footnote, that the district court should give the plaintiff "an opportunity to amend her complaint" before *sua sponte* dismissing the complaint as frivolous under § 1915. *Id.* at 1308 n.7. Vega asserts that *Martinez* conflicts with the conclusion in *Surtain*, and that this Court's law requires that we follow the earlier decision *Martinez*, and not the later, conflicting ones.[3] *Williams v. Aguirre*, 965 F.3d 1147, 1163 (11th Cir. 2020).

---

Dismissing such actions is consistent with the court's power to manage its docket and conserves scarce judicial resources. And as we explain above, notice and opportunity to be heard prior to dismissal is not required if the complaint is patently frivolous and amendment would be futile.

[3] Vega also argues that we should disregard *Surtain* and *Tazoe* in favor of *Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983). But *Wometco* is inapposite, and Vega misreads the holding of the case. In *Wometco*, the district court *sua sponte* dismissed a third party plaintiff's claim with prejudice "on the merits" even though the third party plaintiff was not proceeding *in forma pauperis*. *Id.* at 525. There, the opposing party "never alleged that Wometco's third party suit [was] frivolous or vexatious." *Id.* at 526. We noted that a claim that lacked merit was not the same as a claim that was frivolous. *Id.* And we expressly declined to reach whether a court could *sua sponte* dismiss a claim "so patently lacking in merit as to be frivolous." *Id.* at 526 n.3. *Wometco* did not address situations where amendment would be

Vega's argument fails for three reasons.

First, the language Vega relies on in *Martinez* is not a holding, but a remand instruction. In *Martinez*, we were uncertain of the grounds relied on by the district court to *sua sponte* dismiss the case. In particular, it was "unclear" whether the plaintiff failed to satisfy § 1915's poverty requirement or whether the complaint was frivolous. 364 F.3d at 1308. Because of this uncertainty, we remanded with instructions to determine the basis for the dismissal, and we stated that if the district court found the complaint frivolous, then it should affirmatively indicate so and allow the plaintiff an opportunity to amend before dismissing. *Id.* at 1308 n.7. This was an instruction to a specific district court on the appropriate next steps in a specific case; *Martinez* did not purport to lay out a general rule that district courts must follow every time a court dismisses a complaint as frivolous.

Second, *Martinez* is factually distinguishable from this case because, here, the district court *sua sponte* dismissed Vega's case *both* because it was frivolous *and* because any amendment would be futile—determinations Vega does not challenge. Therefore, *Martinez*'s remand directive (that if the district court did find that Martinez's complaint was frivolous, it should provide Martinez with an opportunity to amend her complaint before dismissing the action on that basis) is inapplicable, as the district court here

---

futile or it was patently obvious that the plaintiff could not succeed. Thus, it does not control here.

23-12065               Opinion of the Court                 13

determined that amendment would be futile, and it is not "unclear" what the district court's "denial was based on." *Id.*

Third and finally, even if *Martinez* and *Surtain* did conflict, which we don't think they do, we would be obliged to follow an even earlier case dealing with this issue,[4] *Byrne v. Nezhat*, 261 F.3d 1075 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008), where we made plain that "reversal of a *sua sponte* dismissal without notice" is not "mandated" if "amendment [of the complaint] would be futile or if it is patently obvious that the plaintiff could not prevail." *Id.* at 1127 n.99 (quotation marks omitted). We noted that the district court did not err in dismissing the plaintiff's claims, "[e]ven if the parties did not have . . . knowledge" that "the court was considering the complaint's sufficiency," because it was "patently obvious, given the legal and factual inadequacies of the complaint, that [the plaintiff] could not prevail." *Id.* at 1127 & n.99. *Byrne* thus belies Vega's assertion that a district court is "prohibited" from *sua sponte* dismissing a complaint if the district court has not provided the plaintiff with notice of its intent to dismiss or an opportunity to respond.

---

[4] "This Circuit has a well-established approach to resolving conflicts in our precedent. We are 'obligated, if at all possible, to distill from apparently conflicting prior panel decisions a basis of reconciliation and to apply that reconciled rule.'" *Williams*, 965 F.3d at 1163 (11th Cir. 2020) (quoting *United States v. Hogan*, 986 F.2d 1364, 1369 (11th Cir. 1993)). "Then, if reconciliation is not possible, 'we must follow the earliest precedent that reached a binding decision on the issue.'" *Washington v. Howard*, 25 F.4th 891, 900 (11th Cir. 2022) (quoting *Williams*, 965 F.3d at 1163).

In sum, our precedent establishes that a court may exercise its inherent power to dismiss a suit *without* giving the party who brought the case notice and an opportunity to respond *if* amending the complaint would be futile, or the complaint is patently frivolous. *Surtain*, 789 F.3d at 1248. We have referred to this as an "exception" to the general rule, *see id.*, but it is an exception that we've recognized, nonetheless. Our binding case law does not carve out an exception to the exception for parties who paid the filing fee, and Vega offers no contrary authority holding that a court lacks the inherent authority to *sua sponte* dismiss a complaint upon a finding of frivolity or futility once a filing fee is paid. Indeed, the plaintiff in *Surtain* did pay the filing fee, *see* Complaint, *Surtain v. Hamlin Terrace Found.*, No. 12-cv-81401 (S.D. Fla. Dec. 21, 2012), ECF No. 1, and this Court still held that the district court "did not err in dismissing her [FMLA] retaliation claim, because granting leave to amend that claim would be futile," even though "the court never gave Surtain notice that her FMLA claim was deficiently pled." *Surtain*, 789 F.3d at 1248. Therefore, Vega's challenge is foreclosed by *Surtain*.

Because *Surtain* resolves this appeal, we conclude that the district court did not err when it *sua sponte* dismissed Vega's case without providing notice or an opportunity to amend, even after Vega paid the filing fee.

## IV.    CONCLUSION

As discussed, Vega does not challenge the district court's frivolousness and futility determinations. Based on the district

court's determination that the complaint was frivolous and that amending the complaint would be futile, we conclude that the district court had the inherent authority to dismiss Vega's complaint without service, notice, or an opportunity to respond, notwithstanding Vega's payment of the filing fee.

**AFFIRMED.**