**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 25-11680

Non-Argument Calendar

————————————

CONNIE FRANCES WHIGUM,

*Plaintiff-Appellant,*

*versus*

ATTORNEY GENERAL OF THE UNITED STATES,

PRESIDENT OF THE UNITED STATES,

VICE PRESIDENT OF THE UNITED STATES OF AMERICA,

MIKE PENCE,

BARACK OBAMA, et al.,

*Defendants-Appellees.*

————————————

Appeal from the United States District Court

for the Northern District of Florida

D.C. Docket No. 3:25-cv-00476-TKW-ZCB

————————————

Before ROSENBAUM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Connie Frances Whigum, *pro se*, appeals the district court's dismissal of her 42 U.S.C. § 1983 action as frivolous. We affirm.

In a complaint and an amended complaint, which are difficult to decipher, Whigum claimed that she was related to various historical figures, like King Tut, Emperor Nero, Thomas Jefferson, and Abraham Lincoln. She alleged discrimination both in historical terms, including that White supremacists took "[a]ll wealth, inheritance from [her] parents," and in more personal terms, referencing incarceration, psychiatric commitment, and the denial of jobs, education, and disability benefits. She named various political figures as defendants, including members of past and current U.S. presidential administrations, and she sought relief for discrimination and "[u]niversal [i]nheritance [c]laims."

A magistrate judge reviewed Whigum's pleadings and determined in a report and recommendation ("R&R") that the action should be dismissed as frivolous. The magistrate judge noted that Whigum was a frequent litigator with a history of abusing the judicial process, and that she appeared to allege a far-fetched, overarching conspiracy with no arguable basis in law or fact. In response, Whigum filed objections broadly asserting that the district court should not adopt the R&R. She also attached a variety of purportedly supporting documents.

The district court agreed with the magistrate judge that the case was "patently frivolous." The court observed that Whigum's

objections and documents, which were "largely comprised of incomprehensible gibberish," tended to confirm the frivolous nature of the case.  So the court adopted the R&R and dismissed the case. Whigum now appeals.

We review a district court's *sua sponte* dismissal based on frivolity for an abuse of discretion.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008); *Pedraza v. United Guar. Corp.*, 313 F.3d 1323, 1328 (11th Cir. 2002).

We have recognized that district courts have the inherent power to *sua sponte* dismiss frivolous suits, so long as "proper procedures are followed." *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 n.3 (11th Cir. 1983); *see also Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) (expressing "little doubt" that district courts have the power to dismiss frivolous or malicious actions under their inherent powers). That remains true even where, as here, the plaintiff has paid the filing fee.  *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir.2000) (holding that "district courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee"); *cf.* 28 U.S.C. § 1915(e)(2)(B)(i) (stating that, "[n]otwithstanding any filing fee . . . that may have been paid," the court "shall" dismiss the action if it is "frivolous or malicious"). "To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quotation marks omitted).

A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). We have said that a complaint can be dismissed as frivolous before service of process where the court "determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). The court can also consider "a litigant's history of bringing unmeritorious litigation" in assessing frivolity. *Bilal*, 251 F.3d at 1350. "A determination of frivolity is best left to the district court, and we will review such determinations only for abuse of discretion." *Id.* at 1349.

Here, the district court did not abuse its discretion in dismissing Whigum's action as frivolous. Whigum's pleadings relied largely on fantastical factual allegations, relating to various famous ancestors, and appeared to allege a far-fetched conspiracy by various past and present political figures that lacked any discernible grounds to impose liability. The court also properly considered her history of bringing unmeritorious litigation, and the numerous, incomprehensible documents she submitted in support of her case. Indeed, on appeal, Whigum has flooded this Court with a variety of documents, mostly self-created, the significance of which is impossible to determine. Because Whigum was given notice and the opportunity to file objections to the R&R, and she had already submitted an amended complaint, the district court properly exercised its inherent authority to dismiss the action as frivolous and deny leave to amend as futile. *See Tazoe*, 631 F.3d at 1336.

**AFFIRMED.**